IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PAUL ROBINSON**                                                                  **PETITIONER**

**V.**                       **NO. 4:17-CV-145-DMB-DAS**

**STATE OF MISSISSIPPI, et al.**                                       **RESPONDENTS**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge David A. Sanders. Doc. #14.

### I
### Procedural History

On or about October 11, 2017, Paul Robinson filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi regarding his conviction for murder and the revocation of his probation on his conviction for mayhem. Doc. #1. Claiming his Fifth, Sixth, and Fourteenth Amendment rights were violated, Robinson asks the Court to "overturn [his] conviction or at least grant [him] a new trial …." *Id*. at 5–6, 8–9, 14.

On December 14, 2017, United States Magistrate Judge David A. Sanders directed the State of Mississippi to file a response to the petition no later than March 13, 2018. Doc. #5 at 1. On the State's motion, Judge Sanders extended the State's time to respond to May 14, 2018. Docs. #8, #9. On May 11, 2018, the State filed a motion to dismiss. Doc. #11. On or about May 30, 2018, Robinson filed a "Reply Brief." Doc. #13.

On August 14, 2018, Judge Sanders issued a Report and Recommendation recommending that the State's motion to dismiss be granted and that Robinson's petition for a writ of habeas corpus "be dismissed as untimely filed." Doc. #14 at 1. Judge Sanders determined Robinson's

probation revocation for his mayhem conviction became final on January 25, 2002, and "any federal *habeas corpus* challenge to the revocation proceeding was due on … January 27, 2003."[1] *Id*. at 4.  Additionally, Judge Sanders determined Robinson's murder conviction became final on October 20, 2003, and any federal habeas corpus challenge was due on October 20, 2004.  *Id*.

On August 31, 2018, the Court received from Robinson a document titled, "Summary of Judgement," the substance of which this Court construes as an objection to the Report and Recommendation.  Doc. #16.  On September 13, 2018, the State filed a response to it.  Doc. #18.

## II
## Standard of Review

Under 28 U.S.C § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made."  "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law."  *United States v. Alaniz,* 278 F.Supp.3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

## III
## Analysis

"This case is governed by 28 U.S.C. § 2244(d)(1)(A), which imposes a one-year deadline for filing habeas petitions from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Green v. Banks*, No. 1:18-CV-181, 2018 WL 6169223, at *1 (S.D. Miss. Nov. 26, 2018) (internal quotation marks omitted). Under 28 U.S.C. § 2244(d)(2), "[t]he federal limitations period is tolled while a properly filed application for State post-conviction or other collateral review is pending."  *O'Neal v. Banks*, No.

---

[1] Judge Sanders explained that because January 25, 2003, was a Saturday, Robinson's habeas corpus petition was due the following Monday, January 27, 2003.  Doc. #14 at 4.

2

1:17-CV-22, 2017 WL 1483298, at *2 (N.D. Miss. Apr. 25, 2017) (internal quotation marks omitted).

In his objection, Robinson argues he suffered ineffective assistance of counsel and was illegally sentenced, which he contends are exceptions to the one-year limitations period. Doc. #16 at 3–4. Also in his objection, Robinson raises claims of actual innocence to his convictions for mayhem and murder.

### A. Limitations Period

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

Where a petition is filed outside the one-year limitations period, the "application must be dismissed as untimely … unless the one-year … period was interrupted as set forth in 28 U.S.C. § 2244(d)(2)," *Zapata v. Cain*, 614 F.Supp.2d 714, 717 (E.D. La. 2007); or "rare and exceptional

circumstances" justify equitable tolling of the limitations period, *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000).

Under Mississippi Rule of Appellate Procedure 4(a), a defendant has thirty days from the date of entry of the criminal judgment to file a notice of appeal. *Frith v. Epps*, 392 F. App'x 342, 345 (5th Cir. 2010). Though Robinson filed state court appeals to his January 25 probation revocation and October 20 murder conviction, they were not filed until after the one-year limitations period expired. *See* Doc. #11-2 at 3 (reflecting Robinson's appeal of murder conviction filed on or about April 12, 2013); Doc. #11-1 at 21 (reflecting Robinson's motion for post-conviction collateral relief on mayhem conviction filed on or about May 7, 2013). Thus, because under Mississippi law, there is no direct appeal from an order revoking probation, *Beasley v. State*, 795 So. 2d 539, 540 (Miss. 2001), Robinson's federal habeas petition challenging his January 25, 2002, probation revocation[2] was due on January 27, 2003. And, his federal habeas petition challenging his October 20, 2003,[3] murder conviction was due on October 20, 2004. Because Robinson did not file this federal habeas petition until October 11, 2017, statutory tolling does not apply.

In *Lookingbill v. Cockrell*, the Fifth Circuit held that equitable tolling is available "if the plaintiff was actively misled by the defendant about the cause of action or was prevented in some extraordinary way from asserting his rights." 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and alterations omitted). Courts will "invoke equitable tolling only when petitioners

---

[2] *See* Doc. #12-2 at 48–49.

[3] On August 21, 2003, the Bolivar County Circuit Court tolled for thirty days Robinson's time for filing a direct appeal of his murder conviction to deposit funds with the court for the costs associated with his appeal such as hiring an attorney. Doc. #12-2 at 70. On or about September 16, 2003, Robinson moved for a thirty-day extension to hire an attorney but the state court never ruled on the motion. *See* Doc. #11-2 at 2, 9. However, Robinson did not file a notice of appeal within the additional thirty-day time period he requested. Thus, Robinson's judgment became final, at the latest, on October 20, 2003.

4

demonstrate that they have acted with due diligence." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).

Regarding his murder conviction, Robinson argues the state court failed to respond to his motion for an extension of time to hire counsel and that such demonstrates he has "been pursuing [his] case." Doc. #16 at 3; *see* Doc. #11-2 at 9. Robinson asserts, "I can't file my 'habeas corpus' until I have exhausted my state remedies." Doc. #16 at 3. Although the state court docket does not reflect the entry of an order on Robinson's motion for an extension, it does not indicate that Robinson retained an attorney or filed a notice of appeal within the additional time period he requested. *See* Doc. #12-3 at 22–23. So, even if Robinson's request for an extension to hire counsel is deemed pending, such request does not toll the limitations period. *Cf. Manning*, 688 F.3d at 187 (state court's failure to appoint counsel does not excuse petitioner's extended period of inactivity).

Moreover, "petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation." *Id*. at 185. "[I]neffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Accordingly, Robinson's argument that he received ineffective assistance of counsel does not excuse the untimely filing of his federal habeas corpus petition.

Regarding Robinson's illegal sentence argument, "[t]here is no 'illegal sentence' exception to the federal limitations period." *O'Neal v. Banks*, No. 1:17-CV-22, 2017 WL 1483298, at *3 (N.D. Miss. Apr. 25, 2017). Accordingly, Robinson's objection to that effect is overruled.

### B. Actual Innocence

Regarding his claims of actual innocence, Robinson contends that he pled guilty to

5

mayhem not because he committed the crime but because he "felt bad about … the incident," and that, with regard to the murder conviction, "[t]he state is punishing [him] for a crime [he] didn't commit …." Doc. #16 at 2, 9.

The United States Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or … expiration of the [AEDPA] statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Thus, a valid claim of actual innocence would permit the Court to consider the merits of an otherwise untimely petition. *Id*.

To state a valid claim of actual innocence, a petitioner bears the burden of persuasion to show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 386. Robinson, however, only offers a bare assertion that he is innocent of mayhem and has presented no new evidence regarding his murder conviction that establishes his actual innocence. Such "conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

In short, Robinson has not met his burden to overcome the one-year limitations period.

IV
Conclusion

Robinson's objections [16] to the Report and Recommendation are **OVERRULED**; the Report and Recommendation [14] is **ADOPTED** as the order of the Court; the State's motion to dismiss [11] is **GRANTED**; and Robinson's petition [1] is **DISMISSED with prejudice**. A final judgment consistent with this order will issue separately.

**SO ORDERED**, this 22nd day of March, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**