# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**PAUL ROBINSON**                                                                    **PETITIONER**

**V.**                                                    **NO. 4:17-CV-145-DMB-DAS**

**STATE OF MISSISSIPPI, et al.**                                         **RESPONDENTS**

## ORDER

Before the Court is Paul Robinson's motion to alter or amend the judgment dismissing his habeas petition. Doc. #21.

## I
## Relevant Procedural History

On March 22, 2019, this Court adopted United States Magistrate Judge David A. Sanders' Report and Recommendation, and granted the State's motion to dismiss as untimely Robinson's petition for a writ of habeas corpus. Doc. #19. That same day, this Court entered judgment dismissing the petition with prejudice. Doc. #20.

On April 8, 2019, less than twenty-eight days after entry of the judgment, the Court received from Robinson a document titled, "Reply Brief," the substance of which the Court construes as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Doc. #21. On April 19, 2019, the State filed a response opposing the motion. Doc. #22.

## II
## Standard

A motion to alter or amend judgment under Rule 59(e) may be granted only if there is "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). But, a Rule 59(e) motion "is not the

proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *In re Deepwater Horizon*, 785 F.3d 986, 992 (5th Cir. 2015) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Stark v. Univ. of S. Miss.*, 8 F. Supp. 3d 825, 844 (S.D. Miss. 2014) (quoting *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)).

### III
### Analysis

In the motion, Robinson argues that violation of his fundamental rights overrides any procedural bars to his habeas petition. Doc. #21 at PageID #2118–19. He also seems to argue that the filing of certain post-conviction relief in state court on June 6, 2006, tolled the limitation period for filing his habeas petition. *Id.* at PageID #2119–20. Further, Robinson rehashes or reiterates arguments previously made in his habeas petition, including arguments regarding the sufficiency of the evidence against him underlying his murder conviction. *Id.* at PageID #2121–22. In opposing the motion, the State contends that Robinson's arguments are insufficient to entitle him to Rule 59(e) relief. Doc. #22 at 2–3. This Court agrees.

First, Robinson does not contend that the motion is justified by an intervening change in controlling law.

Second, Robinson has not shown that new evidence has been made available; rather, he simply attempts to contest the evidence presented in his murder case.

Third, Robinson has not demonstrated that a clear error in law was made. While he asserts the conclusory claim that violation of a fundamental constitutional right overrides any procedural bars, the law is clear that when a petition is filed outside the one-year limitation period, it "must

be dismissed as untimely … unless the one-year … period was interrupted as set forth in 28 U.S.C. § 2244(d)(2)," *Zapata v. Cain*, 614 F. Supp. 2d 714, 717 (E.D. La. 2007); the petitioner identifies grounds for equitable tolling, *Holland v. Florida*, 560 U.S. 631, 649 (2010); or the petitioner makes a sufficient showing of actual innocence, *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

Robinson has made no showing of actual innocence. Furthermore, while Robinson appears to contend that the limitations period should be tolled based on his state court filing of "post conviction collateral relief [which] was stamped [sic] filed June 6th, 2006," for which he claims he never received "a response from the lower court," Doc. #21 at PageID #2119, this argument fails. The alleged request for post-conviction relief was filed after the expiration of the one-year statute of limitations for the filing of a habeas petition for both the revocation of his probation on his conviction for mayhem[1] and his conviction for murder.[2] *See* 28 U.S.C. § 2244(d)(1) & (2).

In sum, Robinson has not presented a sufficient basis for this Court to alter or amend its March 22, 2019, judgment.

### IV
### Conclusion

For the reasons explained above, Paul Robinson's motion to alter or amend the March 22, 2019, judgment [21] is **DENIED**.

**SO ORDERED**, this 30th day of March, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] As stated in this Court's March 22 order, "Robinson's federal habeas petition challenging his January 25, 2002, probation revocation was due on January 27, 2003." Doc. #19 at 4 (footnote omitted).

[2] Robinson's "federal habeas petition challenging his October 20, 2003, murder conviction was due on October 20, 2004." Doc. #19 at 4 (footnote omitted).